IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **SALKA BARCA**, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Case No.: SAG-25-03480 |
| **MUSTAPHA ADIB**, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Plaintiffs Salka Barca and Najat Allili, who are self-represented, filed a Complaint against Defendant Mustapha Adib. ECF 1. The Complaint, which is not a model of clarity, appears to raise claims under two federal statutes: 18 U.S.C. § 2261A (Cyberstalking) and 18 U.S.C. § 1962(c) (Civil RICO). ECF 1 at 4. Although Plaintiffs have yet to effect service on Defendant, they have also filed an Emergency Motion for Injunctive Relief. ECF 14. This Court has reviewed the motion and has determined that no hearing is necessary. *See* Fed. R. Civ. P. 78(b); Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, Plaintiffs' motion will be DENIED.[1]

**I.    FACTUAL BACKGROUND**

According to the Complaint, Plaintiffs, who are Maryland residents, are human rights advocates. ECF 1 at 6. From July 2023 through the present, Defendant published "false and damaging statements" about Plaintiffs on social media platforms, linked to their "human rights work on Sahrawi issues." *Id.* Defendant also used a "pro-Moroccan military online persona." *Id.*

---

[1] Also pending is a motion to seal an affidavit, ECF 15, which will be granted due to the nature of the information contained therein.

## II. LEGAL STANDARDS

Plaintiffs' emergency request for injunctive relief does not specify the form sought. But "[t]he standard for a temporary restraining order is the same as a preliminary injunction." *Maages Auditorium v. Prince George's County*, 4 F. Supp. 3d 752, 760 n.1 (D. Md. 2014), *aff'd*, 681 F. App'x 256 (4th Cir. 2017). A temporary restraining order ("TRO") or a preliminary injunction is warranted when the movant demonstrates that (1) the movant is likely to succeed on the merits, (2) the movant will likely suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities favors preliminary relief, and (4) injunctive relief is in the public interest. *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The movant must establish all four elements in order to prevail. *Accident, Inj. and Rehab., PC v. Azar*, 943 F.3d 195, 201 (4th Cir. 2019); *Frazier v. Prince George's County*, 86 F.4th 537, 544 (4th Cir. 2023) ("[A] preliminary injunction can be granted only if every factor is met[,] [y]et *denying* a preliminary injunction only takes the rejection of a single factor.") (internal citations omitted).

Both types of injunctive relief afford "'an extraordinary and drastic remedy' prior to trial." *Ultimate Outdoor Movies, LLC v. FunFlicks, LLC*, Civ. No. SAG-18-2315, 2019 WL 2642838, at *6 (D. Md. June 27, 2019) (quoting *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)); *see also MicroStrategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (stating preliminary injunctive relief is an "extraordinary remed[y] involving the exercise of very far-reaching power [that is] to be granted only sparingly and in limited circumstances.") (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991)).

### III.     ANALYSIS

This Court's analysis proceeds no further than the first factor, because a party seeking preliminary injunctive relief must establish that they are likely to succeed on the merits of their case. "Although Plaintiffs 'need not establish a "certainty of success,"' they must 'make a clear showing that [they are] likely to succeed at trial.'" *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020) (quoting *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (alteration in *Roe*)). Here, Plaintiffs are not, because neither of their two federal claims is viable as pleaded.

First, Plaintiffs assert a claim pursuant to the cyberstalking provisions of the Violence Against Women Act (VAWA), 18 U.S.C. § 2261A. That is a criminal statute, and it does not provide a private right of action for civil litigants. *Cain v. Christine Valmy Int'l Sch. of Esthetics, Skin Care, & Makeup*, 216 F. Supp. 3d 328, 335 (S.D.N.Y. 2016) ("Case law is . . . unanimous that no private right of action is available under § 2261A.") (collecting cases).

Second, Plaintiffs assert a civil RICO claim pursuant to 18 U.S.C. § 1962(c). Their complaint, however, does not come close to meeting the elements of a RICO claim. As background, the Racketeer Influenced and Corrupt Organizations (RICO) law makes it unlawful, *inter alia*, for any person employed by or associated with any enterprise to conduct or participate in the "enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). In this statute, Congress expressly "granted a private civil right of action to '[a]ny person injured in his business or property by reason of' the RICO provisions." *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997) (quoting 18 U.S.C. § 1964(c)).

The standard for a civil RICO action is a high bar, because it "is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity." *U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 317 (4th Cir. 2010) (quoting *Gamboa v. Velez*, 457

F.3d 703, 705 (7th Cir. 2006)). Accordingly, the Fourth Circuit "will not lightly permit ordinary business contract or fraud disputes to be transformed into federal RICO claims." *Flip Mortg. Corp. v. McElhone*, 841 F.2d 531, 538 (4th Cir. 1988).

A civil RICO claim requires a plaintiff to allege four elements: "1) conduct [causing injury to business or property] 2) of an enterprise 3) through a pattern 4) of racketeering activity.'" *Morley v. Cohen*, 888 F.2d 1006, 1009 (4th Cir. 1989) (quoting *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)). As courts have noted, "Congress contemplated that only a party engaging in widespread fraud would be subject to" the "serious consequences" available under the RICO statute, such as treble damages. *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 683 (4th Cir. 1989). RICO "is not a cause of action to be pled lightly," and "'RICO treatment is reserved for conduct 'whose scope and persistence pose a special threat to social well-being.'"" *Biggs v. Eaglewood Mortg., LLC*, 582 F. Supp. 2d 707, 714 (D. Md. 2008), *aff'd*, 353 F. App'x 864 (4th Cir. 2009) (quoting *GE Inv. Priv. Placement Partners II v. Parker*, 247 F.3d 543, 551 (4th Cir. 2001)).

While Plaintiffs have pleaded that they suffered financial injury, they have not pleaded any of the other required elements of a RICO claim. RICO requires an "enterprise," defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). As another judge in this district has explained:

> An "enterprise" requires proof of three elements: (1) an ongoing organization; (2) associates functioning as a continuing unit; and (3) the enterprise is an entity "separate and apart from the pattern of activity in which it engages." *Proctor v. Metro. Money Store Corp.*, 645 F. Supp. 2d 464, 477–78 (D. Md. 2009). "[A]n associated-in-fact enterprise is one type of enterprise defined in § 1961(4)." *United States v. Tillett*, 763 F.2d 628, 631 n.2 (4th Cir. 1985). To satisfy § 1962(c)'s "distinctiveness" requirement, the Plaintiffs must further allege that the RICO "enterprise" is distinct from the defendant "person" alleged to have violated RICO. *Levine v. First Am. Title Ins. Co.*, 682 F. Supp. 2d 442, 457 (E.D. Pa. 2010); *Toucheque v. Price Bros. Co.*, 5 F. Supp. 2d 341, 346–47 (D. Md. 1998).

*Mitchell Tracey v. First Am. Title Ins. Co.*, 935 F. Supp. 2d 826, 842 (D. Md. 2013). Here, Plaintiffs' Complaint alleges actions by a single individual, with no enterprise alleged at all.

Additionally, Plaintiffs have failed to allege any racketeering activity whatsoever. "[R]acketeering activity" is defined in § 1961(1) to include a lengthy list of "indictable" criminal offenses. A "pattern of racketeering activity" requires "at least two acts of racketeering activity . . . the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5). To prove a pattern, a plaintiff is required to show that the predicate acts "are [1] related[] and [2] that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989).

Here, Plaintiffs have alleged defamation and cyberstalking. Defamation, while tortious, is not criminal conduct. Cyberstalking in violation of VAWA does not appear to be one of the criminal acts enumerated in § 1961(1). Plaintiffs have therefore alleged no racketeering acts and have fallen far short of alleging a pattern of racketeering activity.

Because Plaintiffs have not alleged an enterprise nor any racketeering activity, their civil RICO claim is also deficient. They therefore cannot show a likelihood of success on the merits as to either of the federal claims they assert.

## IV. CONCLUSION

Because Plaintiffs cannot demonstrate a likelihood of success on the merits, this Court need not reach the remaining elements for injunctive relief. For the reasons set forth above, Plaintiffs' Emergency Motion for Injunctive Relief, ECF 14, is DENIED. A separate Order follows, denying the emergency motion, ECF 14, and granting Plaintiffs' motion to seal, ECF 15.

<u>Dated:</u> December 8, 2025                    /s/
                                                  Stephanie A. Gallagher
                                                  United States District Judge